Argued and submitted March 17, appeal dismissed April 16, reconsideration denied June 6, petition for review allowed September 3, 1986 (301 Or 666)

RHODES et ux,
*Respondents,*

*v.*

ECKELMAN et ux,
*Defendants,*
PARMELEE et ux,
*Appellants.*

(84-1140C; CA A36043)

717 P2d 653

James F. McCaffrey, Tigard, argued the cause for appellants. With him on the briefs was George J. Zarzana, Tigard.

John B. Lewis, Forest Grove, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs brought this action against defendants Eckelman and Parmalee for a judicial declaration of their equitable interest in real property retained by them when they sold the property to the Eckelmans, their daughter and son-in-law. The continuing validity of that interest came into question when the Eckelmans defaulted on their mortgage to the Oregon Department of Veteran's Affairs (DVA), which foreclosed and purchased the property. The Parmalees redeemed the property from DVA after purchasing the Eckelmans' statutory right of redemption.

The Eckelmans appeared in this action by filing a motion to dismiss them as parties. The motion was granted and judgment[1] was entered dismissing them on February 25, 1985. Thereafter, plaintiffs' motion for summary judgment was granted. On April 2, 1985, a final judgment[2] was entered for plaintiffs against the Parmalees and, on April 25, 1985, the Parmalees' motion for a new trial was denied. Notice of appeal was filed on May 23, 1985. It was not served on the Eckelmans.

At the time the notice of appeal was filed, failure to serve the notice on all parties who had appeared in an action, ORS 19.023(2)(a),[3] was jurisdictional. *Former* ORS 19.033(2).[4] Dismissal of the appeal is required.[5] *Jacobson v. Mt. Park*

---

[1] That judgment was not final. ORCP 67B.

[2] The judgment against the Parmalees did not mention the dismissal of the Eckelmans but, because it complied with ORCP 67B, it was final.

[3] ORS 19.023 provides, in part:

"(2) The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.029, to be served:

"(a) On all parties who have appeared in the action, suit or proceeding."

[4] *Former* ORS 19.033(2) provided:

"The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended."

[5] ORS 19.033(2)(a) (*amended by* Or Laws 1985, ch 734, § 5, which became effective September 20, 1985) provides:

"(2) The following requirements of ORS 19.023, 19.026 and 19.029 are jurisdictional and may not be waived or extended:

"(a) Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.023(2)(a), within the time limits prescribed by ORS 19.026."

*Home Owners Assn.,* 65 Or App 269, 670 P2d 633 (1983), *rev den* 296 Or 253 (1984).

Appeal dismissed.

---

Because the notice of appeal identified only the Rhodes as adverse parties, we would have jurisdiction if the 1985 amendment applied here. It cannot be applied retroactively because this court did not acquire *any* jurisdiction under the notice of appeal that was filed.