Argued and submitted October 7, affirmed November 20, 1986

RHODES et ux,
*Respondents on review,*

*v.*

ECKELMAN et ux,
*Defendants,*

PARMALEE et ux,
*Petitioners on review.*

(TC 84-1140C; CA A36043; SC S32886)

728 P2d 527

John Paul Graff, Tigard, argued the cause on behalf of petitioners on review. James F. McCaffrey, Tigard, filed the petition.

John B. Lewis, Forest Grove, argued the cause and filed the response on behalf of respondents on review.

GILLETTE, J.

## GILLETTE, J.

This case of a dismissed notice of appeal raises the single question of the application to be given Oregon Laws 1985, chapter 734, section 5, to appeals pending at the time it went into effect. That act amended the heretofore implacable standard of ORS 19.033(2) that declared that the failure of an appellant to serve notice of appeal on all parties in the trial court was a jurisdictional defect requiring dismissal of the appeal. As it is now written, ORS 19.033(2) requires dismissal of an appeal only if the appealing party has neither served a copy of the notice of appeal on all parties nor designated fewer than all the parties as adverse and served them.[1] The notice of appeal in this case was filed on May 28, 1985. The new act took effect September 20, 1985, while the appeal in this case was pending. The notice of appeal identified the plaintiffs, the Rhodes, as adverse parties; they were timely served. It did not designate the defendants, the Eckelmans, in whose favor judgment had been entered at the pleading stage. The Eckelmans were not served. After briefing and oral argument, the Court of Appeals dismissed the case for failure to serve the Eckelmans. *Rhodes v. Eckelman,* 78 Or App 660, 717 P2d 653 (1986). This petition for review followed. We affirm.

The Court of Appeals reasoned that the amendment to ORS 19.033(2) in Oregon Laws 1985, chapter 734, section 5, could not be applied because the notice of appeal was defective at the time it was filed and, therefore, "this court did not acquire *any* jurisdiction under the notice of appeal that was filed." 78 Or App at 662 n 5. (Emphasis in original.) Petitioners first argue that this statement demonstrates that the Court of Appeals erred by failing even to consider whether it had jurisdiction. We do not read the court's remark that way.

---

[1] Prior to its 1985 amendment, ORS 19.033(2) provided:

"The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended."

As amended, that statute now provides, in pertinent part:

"The following requirements of ORS 19.023, 19.026 and 19.029 are jurisdictional and may not be waived or extended:

"(a) Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.023(2)(a), within the time limits prescribed by ORS 19.026."

It appears that the Court of Appeals recognized, correctly, that it had authority to decide jurisdiction. *Meyer v. Joseph,* 295 Or 588, 590, 668 P2d 1228 (1983). It reached the merits of the jurisdictional question — which it considered to be "retroactivity" — before ruling against petitioners. We turn to that issue.

In determining the effect to be given to a statute — whether denominated "prospective," "retroactive" or something else — the function of the court is to "discern and declare" the intent of the legislature. *Whipple v. Howser,* 291 Or 475, 480, 632 P2d 782 (1981). Unfortunately, that is easier said than done.

In this case, the legislation resulting in the amendment to ORS 19.033(2), House Bill 2205, was proposed by the Judicial Department. Jim Nass of the Department submitted testimony characterizing the bill as a "primarily housekeeping" measure. The bill did not contain a provision stating whether this particular section was to be applied to notices of appeal filed prior to its effective date and the legislative history does not give a clear indication as to whether retroactive or prospective application was intended.

In the absence of express statutory text or indications of legislative policy in the measure's history, this court in other cases has resorted to various labels and formulae. For example, we assume that the legislature wanted remedial or procedural statutes to apply to pending cases. *See, e.g., Perkins v. Willamette Industries,* 273 Or 566, 570-71, 542 P2d 473 (1975). Petitioners, of course, contend that ORS 19.033(2) is merely a procedural measure and should be applied retroactively. Respondents argue that the statute should be regarded as a substantive provision because it affects jurisdiction.

Another familiar test focuses on whether allowing the later-enacted amendment to cure the technically defective notice of appeal would affect legal rights and obligations arising out of past transactions. *See, e.g., Fish & Wildlife Department v. LCDC,* 288 Or 203, 603 P2d 1371 (1979); *Mahana v. Miller,* 281 Or 77, 573 P2d 1238 (1978); *Kempf v. Carpenters & Joiners Union,* 229 Or 337, 367 P2d 436 (1961). Petitioners argue that the parties' obligations are fixed; the

amendment merely facilitates obtaining review of those obligations on appeal. Respondents argue that jurisdiction is a substantive, not a procedural, matter.

As is usual with labels, we find them less than dispositive. Neither is our problem wholly solved by considering only the measure's purpose. The 1985 amendment was meant to alleviate the harsh consequences that often occurred when an otherwise timely notice of appeal was found to be defective because one of multiple parties — usually, one that had been removed from the case at the pleading stage — had not been served. *See, e.g., McQuary v. Bel Air Convalescent Home, Inc.,* 296 Or 653, 678 P2d 1222 (1984); *Jacobson v. Mountain Park Home Owners Assn.,* 65 Or App 269, 670 P2d 633 (1983). But, even given this purpose, should we assume that the legislature intended that the Court of Appeals, faced with a notice of appeal that was insufficient under the law applicable at the time it was filed and during the entire 30-day period an appeal in that case could have been filed, ORS 19.026(1), would nonetheless consider the appeal somehow resuscitated because the notice would have been valid under a later change in the law?

We think not. Labels notwithstanding, we require more than linguistic and historical silence to persuade us that the legislature even contemplated, much less intended to create, a class of appeals that were or became invalid before HB 2205 became law, but could be revived if only no one noticed until after the effective date of the new legislation. The legislature knows how to direct retrospective application; it knows how to write emergency clauses. In this case, it did neither. Because it did not, the Court of Appeals correctly concluded that the present notice of appeal was insufficient.

The decision of the Court of Appeals is affirmed.