Argued and submitted March 29, convictions affirmed; probation condition 5 vacated and remanded May 15, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## DANNY GLENN HAGGER,
*Appellant.*

(C90-162CR; CA A64110)

810 P2d 1356

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Carol J. Fredrick, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of assault in the second degree. ORS 163.175. Imposition of sentence was suspended, and he was placed on probation subject to special conditions, including:

"5. Defendant shall submit to any body substance tests and/or polygraph (at defendant's own expense) which may be requested by probation officer to determine compliance with Special Condition #2 * * *; any refusal is a violation of probation."

Condition 2 prohibits the consumption of alcoholic beverages. Defendant argues that the trial court lacked authority under ORS 137.540(2)[1] to impose condition 5 without a requirement that the probation officer have reasonable grounds to suspect that he had violated condition 2. The state concedes that condition 5 does not comply with ORS 137.540(2), but argues that defendant did not preserve the error in the trial court. *See State v. Mortimore,* 94 Or App 179, 764 P2d 960 (1988). Because it is apparent on the face of the record that the trial court acted beyond its authority when it required defendant to submit unconditionally to blood alcohol tests, we vacate condition 5. ORAP 5.45(2).

Conviction affirmed; probation condition 5 vacated; remanded for resentencing.

---

[1] ORS 137.540(2) provides, in part:

"In addition to the general conditions [set forth in ORS 137.540(1)], the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"* * * * *

"(c) Submit to polygraph examination by a qualified polygraph examiner designated by the court or probation officer under terms and conditions set by the court.

"* * * * *

"(f) Submit to random urinalysis at the direction of probation officer.

"* * * * *

"(k) Submit to breath test or blood test to determine blood alcohol content *upon request of a probation officer having reasonable grounds to believe the results could disclose evidence of a probation violation.* This condition may be set when it is reasonably related to the nature of the offense or treatment of the offender." (Emphasis supplied.)