On appellant's petition for reconsideration filed December 20, 1993, reconsideration allowed; opinion (124 Or App 646, 863 P2d 513 (1993)) modified and adhered to as modified April 20, 1994

In the Matter of the Marriage of

Laverne Watts EDWARDS,
*Appellant,*

*and*

Ernest Jackson EDWARDS,
*Respondent.*

(77-6988; CA A77135)

873 P2d 401

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Wife petitions for Supreme Court review of our decision affirming the dismissal of her motion to modify the dissolution judgment. 124 Or App 646, 863 P2d 513 (1993). We treat the petition as one for reconsideration, *former* ORAP 9.15, allow it, modify our opinion and adhere to it as modified.

■   In our original decision we held that the question whether a motion may be brought under ORS 107.136[1] to reinstate a spousal support obligation that was terminated before the effective date of the statute is a question of legislative intent and, based on the language of the statute and related provisions enacted as part of the same bill,[2] we concluded that the legislature intended that such motions not be allowed. Wife now argues that legislative history not originally brought to our attention clearly indicates that the legislature intended the contrary. We disagree.

Wife relies on an excerpt from the minutes of the Conference Committee on HB 2445, now codified at ORS 107.136, which includes the following discussion:

"[Committee Counsel] Robinson:   Suggests Committee consider having this become effective to support orders entered after a certain date.

"Chair Clark:   What is the general rule if the Committee does not state anything about applicability?

"Rep. Edmunson:   Applies to any action brought after that date.

"Chair Clark:   It might create a difficulty if the basis for the determination were not clear.

---

[1] ORS 107.136 provides:

"Whenever spousal support has been terminated under ORS 107.135, the court has the power to order reinstatement of the support obligation if:

"(1) The basis for the termination ceases to exist; and

"(2) The reinstatement motion is filed within the period of time support would have been paid had the support obligation not been terminated."

[2] In our prior opinion we referred to the other provisions enacted at the same time as "legislative history." Those other provisions are more properly characterized as the "context" of ORS 107.136. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

"Rep. Edmunson: The judge will have to make that determination.

"Rep. Parks: Understands that if the divorce was entered into in 1980 and terminated in 1985 * * * then that person has a right to come back and seek reinstatement." Minutes, Conference Committee on HB 2445, June 19, 1991, p 5.

We note that, in addition to that bit of legislative history, there also is a record of floor debates in the House of Representatives on the Conference Committee Report, which includes the following colloquy between Representative Edmunson, the carrier of the bill, and Representative Parks:

"Rep. Parks: In the divorce that was entered in 1970, and the support was terminated in 1980, for whatever reason, can it be reinstated and reactivated in 1990 [*sic*]? In other words, is this law retroactive to all divorces that have been entered before this time?

"Rep. Edmunson: This law only applies to motions that are brought after the effective date of the act. If a motion for reinstatement were brought, it would be allowed — would be within the jurisdiction of the court. However, because the moving party who wants to have it reinstated has to prove that the reasons for termination have ceased to exist, the burden of proof would be quite difficult for someone who had terminated their spousal support 10 years or so ago, but it is, in theory, possible, and, as you know, Representative Parks, that's what lawyers are for.

"* * * * *

"Rep. Parks: I don't mean to suggest that this was the weasel word answer, but the answer to the question whether it is retroactive: It is retroactive, isn't it?

"Rep. Edmunson: It is *not* retroactive, Representative Parks, because, as you know, retroactivity would change the outcome of cases previously decided. A final order would not be reopened because of this law. However, new motions brought, it would have prospective application. It will not change anything that has previously been ordered. However, it allows motions within the new law. That is the case with almost anything we do." Tape recording, House Floor Session, June 24, 1991, Tape 29-A at 1034-1145. (Emphasis supplied.)

■■ We are not persuaded that those statements demonstrate that the legislature intended that ORS 107.136 be applied "retroactively," that is to say, that it applies to judgments of termination entered before the effective date of the statute. First, the legislature did not address the subject of retroactivity in the language of the law. The legislature's silence "is a strong indication that it did not intend the statute to apply retroactively." *State v. Tyler*, 108 Or App 378, 381, 815 P2d 1289 (1991). As the Supreme Court said in *Rhodes v. Eckelman*, 302 Or 245, 728 P2d 527 (1986), "[t]he legislature knows how to direct retrospective application." 302 Or at 249. When it does not do so in plain terms, we are disinclined to read such language into the law. ORS 174.010; *Whipple v. Howser*, 291 Or 475, 486, 632 P2d 782 (1981).

Second, the legislative history that bears on the subject of retroactivity is not conclusive. The excerpt from the conference committee hearings reveals no more than what one or more committee members assumed to be the general rule of law concerning the legal effect of the legislature saying nothing about retroactivity. Moreover, their assumption about that general rule of law was incorrect.[3] The colloquy on the House floor is equally inconclusive. Edmunson described the act as being not retroactive, but then described an example of the application of the act in clearly retroactive fashion. At one point in his remarks he stated categorically that the act would "not change anything that has previously been ordered." But then, at another point, he stated that any motion brought after the effective date of the act would be permitted.

In the light of the absence of language in ORS 107.136 suggesting that the legislature intended it to apply retroactively, and in the light of the legislative history that can only be characterized as inconclusive, we adhere to our conclusion that the law applies only to revive spousal support that was terminated after the effective date of the statute.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[3] The general rule is that, when the legislature fails to express any intention with respect to retroactivity, a statute will be applied only prospectively if it "impair[s] existing rights, creates new obligations or impose[s] additional duties with respect to past transactions." *Kempf v. Carpenters and Joiners Union*, 229 Or 337, 343, 367 P2d 436 (1961).