Argued and submitted February 25, affirmed April 27, petition for review denied June 28, 1994 (319 Or 274)

## STATE OF OREGON,
*Respondent,*

*v.*

## TOM McNEIL GEORGE,
*Appellant.*

(92-4034-C-2; CA A80163)

873 P2d 468

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Pursuant to plea negotiations, defendant pled guilty to assault in the second degree, felony driving while suspended, unlawful possession of a firearm and driving under the influence of intoxicants. ORS 163.175; ORS 811.182; ORS 166.250; ORS 813.010. He appeals from the departure sentence of 69 months incarceration.

Defendant was originally charged by a seven-count indictment. Under the agreement, the state dismissed three charges and another pending case before the change-of-plea hearing, and the court agreed that it would impose a total sentence "not to exceed 21-22 months." The record is not clear whether the agreement precluded the prosecutor from recommending a longer sentence. At the change-of-plea hearing, the prosecutor informed the court that the victim was not happy with the agreement. The court then advised defendant that the victim had a right to be heard and that, if the victim convinced the court that it was doing something "inappropriate," defendant would be allowed to withdraw his plea before sentencing.

At the sentencing hearing, the state began to argue for an upward departure sentence, and the court interrupted:

"Now wait a minute. We agreed in the plea negotiations that I would not make a departure, period. So if you're requesting upward departure, [defendant] has a right to set aside the guilty plea and go to trial."

The state did not object to defendant withdrawing his plea, and the court gave defendant two days in which to decide whether he would continue with the plea and have the court consider an upward departure or whether he would withdraw his plea. When the hearing continued, defendant's counsel informed the court that defendant had elected not to withdraw his guilty pleas and that defendant was aware that the court would consider a departure.

ORS 135.407(4) provides:

"The district attorney and defendant may stipulate to a specific sentence within the presumptive range provided by rules of the State Sentencing Guidelines Board for the stipulated offender classification. If the sentencing judge accepts

the plea agreement, the judge shall impose the stipulated sentence."

Defendant's argument on appeal is that ORS 135.407(4) conflicts with ORS 135.432(3),[1] which allows a defendant to withdraw a plea of guilty, and that ORS 135.407(4), as the last statute in time, controls. Therefore, he contends, the court was precluded by ORS 135.407(4) from imposing any sentence other than the stipulated presumptive sentence of 21-22 months.

Our initial inquiry is whether we may review defendant's argument. Under the former version of ORS 138.222-(2)(d), we had no review of a "[a]ny sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." *State v. Adams*, 315 Or 359, 847 P2d 397 (1993); *State v. Johnston*, 120 Or App 165, 851 P2d 1156, *rev den* 317 Or 272 (1993). Defendant argues, however, that the 1993 amendment[2] to that statute permits review. ORS 138.222(2)(d) now provides:

"On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"* * * * *

"(d)   Any sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record."

Defendant recognizes that the amendment did not take effect until after he was sentenced. He contends, however, that because ORS 138.222(2) clearly applies to crimes committed on or after November 1, 1989, and the amended statute does not distinguish between prosecutions that occurred before or after the amendment was enacted, the amendment applies to offenses regardless of the date of commission. We agree that it is self-evident that after the

---

[1] ORS 135.432(3) provides:

"If the trial judge concurs [with the plea agreement], but later decides that the final disposition of the case should not include the sentence concessions contemplated by the plea agreement, the trial judge shall so advise the defendant and allow the defendant a reasonable period of time in which to either affirm or withdraw a plea of guilty or no contest."

[2] Or Laws 1993, ch 698, § 1.

amendment becomes law, it applies to all crimes committed after November 1, 1989. However, that result does not answer the question of whether the amendment applies to sentences imposed before the effective date.

Defendant argues that the amendment had only a "procedural effect: it changes the forum in which certain offenders may challenge their sentences (from post-conviction relief to direct appeal)." Thus, he contends, the amendment applies to pending cases. He argues that his position is supported by our decisions in *State v. Johnson*, 125 Or App 655, 866 P2d 1245 (1993), *State v. St. John*, 125 Or App 266, 863 P2d 1317 (1993), and *State v. Dvorak*, 124 Or App 578, 863 P2d 1314 (1993), *rev den* 318 Or 351 (1994). In those cases, we concluded that the 1993 amendment to ORS 138.222(5), which requires a remand of the entire case for resentencing, applied to pending appeals. However, we do not agree that those decisions assist defendant. The amendment to ORS 138.222(5) was directed to the disposition of sentencing cases that the appellate court had reviewed. There was no question, as here, of our authority to review the sentence in the first instance.

The state argues that there is nothing in the "sparse" legislative history that suggests that the legislature intended *amended* ORS 138.222(2)(d) to apply to pending appeals. It argues that the parties entered into plea bargains under an implicit assumption that the then-current version of ORS 138.222(2)(d) would preclude appellate review of the sentences imposed, and that to apply the amended version would deprive the nonappealing party — either the defendant or the state — of the benefit of their previous bargains.

In *Rhodes v. Eckelman*, 302 Or 245, 728 P2d 527 (1986), the Supreme Court considered the amendment to ORS 19.033(2), which changed the parties who had to be served with the notice of appeal in order for the appellate court to have jurisdiction. The issue was whether the amendment applied to appeals pending at the time the amendment went into effect. The court noted the absence of express statutory text or indications of legislative policy that would answer the question, and also noted that labels such as

"substantive" or "procedural" provided little assistance. The court concluded:

> "Labels notwithstanding, we require more than linguistic and historical silence to persuade us that the legislature even contemplated, much less intended to create, a class of appeals that were or became invalid before [the amendment] became law, but could be revived if only no one noticed until after the effective date of the new legislation. The legislature knows how to direct retrospective application; it knows how to write emergency clauses. In this case it did neither." 302 Or at 249.

Here, too, the text and legislative history provide no assistance, and the amendment has neither retroactive application nor an emergency clause. The reasoning of *Rhodes* applies. *See also Edwards and Edwards*, 127 Or App 489, 873 P2d 401 (1994). The amendment to ORS 138.222(2)(d) does not apply to sentences imposed before its effective date.[3]

Affirmed.

---

[3] We decline to address the scope of review under the amendment to ORS 138.222(2)(d).