Argued and submitted July 27, 1993, affirmed August 10, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM LLOYD WARD,
*Appellant.*

## (92CR-0044; CA A75624)

879 P2d 1307

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert R. Graves, Certified Law Student.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Haselton, Judge.*

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

Defendant pleaded no contest to attempted rape in the second degree, ORS 163.365; ORS 161.405, in exchange for the dismissal of one count of attempted rape in the first degree, ORS 163.375; ORS 161.405, and two counts of sexual abuse in the second degree, ORS 163.425.[1] The sentencing court suspended imposition of sentence and placed defendant on probation for five years, subject to several special conditions. He appeals from the judgment, seeking modification of his sentence. We affirm.

■ Defendant makes four assignments of error. He concedes that none of the alleged errors was preserved below, but requests that we exercise our discretion to review them as apparent on the face of the record. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). Two of the alleged errors, however, are not apparent on the face of the record and, thus, are not reviewable. We decline to exercise our discretion to review a third unpreserved error.

■ ■ In his remaining assignment of error, defendant contends that the sentencing court exceeded its authority by ordering him to submit to random blood and breath tests at the direction of his probation officer.[2] We have held that where the legislature has addressed a special condition of probation, a sentencing court must conform to the statutorily defined limits of that condition. *State v. Schwab*, 95 Or App 593, 596-97, 771 P2d 277 (1989). Here, the court's oral ruling conformed to the statute; defendant was required to submit to the tests at the request of the probation officer having reasonable grounds to believe that the results would disclose evidence of a probation violation. ORS 137.540(2)(k).[3] The

---

[1] Because defendant was convicted for acts committed before November 1, 1989, ORS 138.222(2)(d) does not preclude our review of a sentence resulting from plea negotiations. *See State v. Adams*, 315 Or 359, 847 P2d 397 (1993); *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993); *State v. Johnston*, 120 Or App 165, 851 P2d 1156, *rev den* 317 Or 272 (1993); *see also State v. George*, 127 Or App 581, 873 P2d 468, *rev den* 319 Or 274 (1994).

[2] Probation condition 5 required that defendant submit to "random blood, breath or urine test upon request of Probation Officer." Defendant acknowledges that the court was authorized to require random urine tests, ORS 137.540(2)(f) (amended in 1993), and does not challenge that part of the condition.

[3] At the time of defendant's sentencing, ORS 137.540(2)(k) provided, in part, that the probationer shall

court's written order, however, was a "check-the-box" pre-printed form. The box that corresponded to the court's oral ruling ordered defendant to submit to the tests, but it did not include the requirement that the probation officer have reasonable grounds to believe that the results would evince a probation violation. The state concedes that, by using the preprinted form, the court exceeded its statutory authority, and that the error is apparent on the face of the record. *State v. Hagger*, 107 Or App 251, 252, 810 P2d 1356 (1991). We agree that this is an error of law apparent on the face of the record and that we may exercise our discretion to reach it.

■ As we said in *State v. Jones*, 129 Or App 413, 416-17, 879 P2d 881 (1994), when the state concedes error, several of the factors that might otherwise dissuade us from reviewing unpreserved errors are less compelling. Here, however, other factors outweigh our consideration of the state's concession, such as defendant's failure to take advantage of the statutory remedy for clerical errors, ORS 138.083, and the arguably "non-egregious" nature of the error. *See State v. Rood*, 129 Or App 422, 879 P2d 886 (1994). Thus, we decline to exercise our discretion to review this error.

Affirmed.

---

"[s]ubmit to breath test or blood test to determine blood alcohol content upon request of a probation officer having reasonable grounds to believe the results would disclose evidence of a probation violation."