On appellant's motion for reconsideration filed January 12, reconsideration allowed; decision (128 Or App 310, 875 P2d 545) withdrawn; affirmed May 24, 1995

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES ELWIN BURCH,
*Appellant.*

(92-12-37257; CA A80345)

896 P2d 10

Sally L. Avera, Public Defender, and Jesse Wm. Barton, Deputy Public Defender, for motion.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant pleaded no contest to 28 criminal charges pursuant to a plea bargain in which the parties stipulated that the court would impose a total prison sentence of 260 months. He appealed, challenging the terms of post-prison supervision (PPS) imposed by the court. We affirmed. 128 Or App 310, 875 P2d 545 (1994). Following the Supreme Court's opinion in *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), defendant moved for summary reversal of our decision. We treat that motion as a motion for reconsideration, ORAP 6.25, allow it, withdraw our decision and affirm.

At sentencing, the trial court observed that defendant could receive PPS terms of 120 and 240 months for certain of his crimes. Although defendant acknowledged that those terms were possibilities, he did not stipulate to any term of PPS. Under the Supreme Court's analysis of ORS 138.222(2)(d), the sentence of PPS that he received is reviewable. *See State v. Davis*, 134 Or App 310, 895 P2d 1374 (1995) (ORS 138.222(2)(d) does not preclude review of portions of a sentence that are not part of a stipulated sentencing agreement).

That determination, however, does not end the inquiry that we must make before we may reach the merits of defendant's appeal. Defendant's claim of error involves three related issues regarding PPS.[1] Defendant concedes that he made no objection to any of the terms of PPS in the trial court. He argues that we should reach the alleged errors nonetheless, because they are apparent on the face of the record, ORAP 5.45(2), and because he was substantially prejudiced when he was sentenced to PPS terms that were not authorized by the sentencing guidelines or by ORS 144.103.[2] The state concedes that the trial court did err in some respects.

---

[1] The court imposed 24 distinct PPS terms, all to run concurrently, except the term on count 7, a first-degree sodomy conviction. The PPS term for that conviction is 240 months. Defendant argues that the court erred (1) in imposing the term on count 7; (2) in imposing extended terms on counts 1, 4, 9-12, 15 and 19-26 pursuant to ORS 144.103, because the statute does not apply to those convictions; and (3) in failing to reduce the PPS terms on all of the other convictions by the length of the prison sentences imposed on those convictions.

[2] At the time defendant was sentenced, ORS 144.103 provided, in part:

"Any person sentenced to a term of imprisonment for violating [the statutes pertaining to first-degree rape, first-degree sodomy, first-degree sexual penetration, second-degree sexual penetration and second-degree sexual abuse or

In *State v. Rood*, 129 Or App 422, 879 P2d 886 (1994), *State v. Jones*, 129 Or App 413, 879 P2d 881 (1994), and *State v. Ward*, 129 Or App 409, 879 P2d 1307 (1994), we discussed review of unpreserved error in sentencing cases following the Supreme Court's decision in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). We noted in *Ward*, 129 Or App at 412, that, when the state concedes error, other factors that might dissuade us from exercising our discretion to review unpreserved errors are less compelling.

■ In this case, however, we conclude that, irrespective of the state's concession of error regarding terms imposed under ORS 144.103, we are precluded from reviewing defendant's first two arguments. An error of law apparent on the face of the record is one in which the legal point is obvious, not reasonably in dispute. *State v. Farmer*, 317 Or 220, 224 n 4, 856 P2d 623 (1993); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). The state argues that any error regarding the terms imposed under ORS 144.103 does not warrant relief on appeal because, pursuant to OAR 253-12-040(1), all PPS terms will be served concurrently, the court properly imposed a 240-month term on count 7 pursuant to ORS 144.103 and the other terms are of shorter or equal length to the one on count 7.

Defendant disputes that the term on count 7 is correct. He argues that, under OAR 253-12-020, the trial court could not impose a 240-month term because count 7 was not the primary offense. OAR 253-03-001(17). The state counters that ORS 144.103 overrides OAR 253-12-020.

The alleged error on count 7 is not one in which the legal issue is without dispute, and defendant's arguments regarding the PPS term on count 7 and the terms imposed under ORS 144.103 present interrelated sentencing issues. Under these circumstances, we may not exercise our discretion to address defendant's first two unpreserved errors.

■ However, we may reach defendant's third argument,

first-degree sexual abuse] shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of the imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

in which he challenges the post-prison supervision terms set out in the judgment on counts 3, 5-6, 8, 13-14 and 27-28. He alleges error that first appeared on the written judgment. *See State v. Wright*, 128 Or App 88, 875 P2d 1174 (1994) (written judgment ordering post-prison conditions did not provide opportunity for the defendant to object). The claim of error does not require that we go outside the record or choose between competing inferences, *Brown*, 310 Or at 355, and resolution of the issue would serve the ends of justice by clarifying whether the judgment form meets the requirements for a post-prison supervision term imposed under ORS 144.103.

The judgment to which defendant objects is based on his conviction for first degree rape and reads:

**"IT IS ORDERED THAT THE FOLLOWING SENTENCE IS IMPOSED:**

"a.   **IMPRISONMENT** — a term for **230 MONTHS**, and a period of post-prison supervision for **240 MONTHS PER ORS 144.103."**

(Boldface in original.) Defendant argues that the terms are erroneous, because the trial court failed to subtract the time defendant would be imprisoned from the post-prison supervision terms.

There was no error in the judgment. Under ORS 144.103, a defendant "shall serve a term of post-prison supervision that shall continue until the term of post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." A judgment imposing a PPS term "per" ORS 144.103 does not state the specific time of that term. A defendant's imprisonment is determined not only by the term of incarceration imposed by the sentence. It is also subject to credits, *see* ORS 421.121 (permitting reduction in the term of incarceration for appropriate institutional behavior), or early release, *see, e.g.*, ORS 144.410 *et seq* (authorizing work release). As a matter of law, defendant's actual PPS will be calculated under ORS 144.103 by incorporating any reductions that must be made to the 230-month term of imprisonment, so that the total time served on PPS, when added to the time served in prison, will not exceed the maximum indeterminate sentence for first degree rape.

Reconsideration allowed; decision withdrawn; affirmed.