Argued and submitted February 12, remanded with instructions in part; otherwise
affirmed on appeal and on cross-appeal April 17, 1996

In the Matter of the Marriage of

Cheryl C. MCLENNAN,
*Respondent - Cross-Appellant,*
*and*

Bruce R. MCLENNAN,
*Appellant - Cross-Respondent.*

(15-94-06004; CA A88566)

914 P2d 711

Jeffrey T. Murdock, Kamala H. Shugar, Certified Law Student, and Thorp, Purdy, Jewett, Urness & Wilkinson, P.C., filed the brief for appellant - cross-respondent.

George W. Kelly argued the cause and filed the brief for respondent - cross-appellant.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

Riggs, P. J., dissenting.

**LEESON, J.**

Husband appeals from a dissolution judgment, assigning error to the trial court's award of indefinite spousal support to wife and to the division of marital property. Wife cross-appeals the spousal support award. On *de novo* review, ORS 19.125(3), we write only to address the spousal support issues, and modify the spousal support award.

We recite the facts as of the time of trial. The parties were married in 1976, have four children and separated after 17 years. Husband is 39 and wife is 38. By agreement, husband has custody of the parties' two older children, ages 15 and 13, although the older child is not residing with either party. Wife has custody of the two younger children, ages 10 and 8. Husband is employed full time as an instrument technician, earning $13.42 per hour. He also works 12 to 16 hours per week as an electronics instructor at a community college. His gross monthly income is $3,277. Wife is employed 22 hours per week as a bank teller, for which she receives $8 per hour. Her gross monthly income is $823.

When the parties were first married, husband had a two-year electronics degree. He worked part time while he acquired a bachelor's degree. Later, while employed as a high school vocational instructor, he earned a teaching certificate and a master's degree over the course of four summers. Wife worked full time during the first three years of the marriage, then did not work outside the home for several years. During the last five years of marriage, she worked half time, then three-quarters time, then went back to half time. She has completed less than one year of post-high school education.

In its dissolution judgment, the trial court ordered husband to pay spousal support beginning April 10, 1995, at the rate of $900 per month for 24 months and $600 per month indefinitely thereafter. It also ordered husband to pay wife child support at the rate of $312 per month for 24 months and $402 per month thereafter, and to pay $150 per month into a bank account to benefit the oldest child so long as that child resides outside husband's home. The court divided the marital property equally between the parties.

Husband assigns error to the award of indefinite spousal support. He does not dispute that wife is entitled to $900 per month "while she pursues further education and/or training for a reasonable period of time," but argues that it is not just and equitable to continue any spousal support for more than five years, because by then wife should be fully self-supporting. Wife contends that she is entitled to indefinite support, because she "will never have an income comparable to husband's." On cross-appeal, she also assigns error to the trial court's reduction of spousal support from $900 to $600 after only two years. She argues that it will take her seven years or more to complete the equivalent of two to four years of full-time schooling, because she must work part time and care for her children. According to wife, the higher support level is necessary for the entire time that she will be a student.

■■ In setting the appropriate amount and duration of spousal support, we attempt to award "such amount of money for such period of time as it may be just and equitable" for the supporting party to pay. ORS 107.105(1)(d). Under that statute, we consider a variety of factors, including the length of the marriage, the ages and health of the parties and their dependants, each party's earning capacity considering his or her education, skills and work experience and the extent to which that capacity has been enhanced by the efforts of the other or impaired by extended absence from the job market, and the need for education or training to enable a party to become self-supporting. ORS 107.105(1)(d)(A)-(G); *Ley and Ley*, 133 Or App 138, 141, 890 P2d 440 (1995). The amount of the award should be reasonable and should enable the supported party to enjoy "a standard of living not overly disproportionate to that enjoyed during the marriage to the extent that is practicable." ORS 107.105(1)(d)(F); *Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993). The duration should be "on terms that are equitable between the parties," considering both need and ability to pay, while furthering the goal of "ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship." *Grove and Grove*, 280 Or 341, 353, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977); *Christensen*, 123 Or App at 416. The

purpose of the support is not to eliminate disparities in the parties' incomes or to enable one spouse to look to the other indefinitely for support, if the dependent spouse can become self-supporting at a reasonable level. *Ley*, 133 Or App at 141; *Christensen*, 123 Or App at 416.

■ In this case, husband, at the time of trial, worked two jobs and earned $3,277 per month, while wife worked part time and earned $823 per month. Husband's advantageous economic position results in part from his greater education and experience compared to wife's role as homemaker during much of their marriage. Wife is clearly entitled to a substantial support award to compensate her for the contribution she made to husband's earning capacity and the impairment of her own earning capacity because of her absence from the job market. ORS 107.105(1)(d)(F). Nonetheless, the parties agree that during the marriage their standard of living was modest. They ate in restaurants only infrequently and rarely vacationed out-of-state. When they did travel out-of-state, they stayed with relatives. They put most of their limited discretionary income into home improvements, and the home was awarded to wife.

Neither party disputes the appropriateness of the amount of the initial award of $900 per month, or that its purpose is to enable wife to pursue suitable career objectives. They disagree about how long support should remain at that level. Wife maintains that she needs two to four years of education. She is not specific about her educational plans, but testified that she is interested in talking to a vocational counselor and taking classes at a community college. She also testified that she sees herself working full time in five years. Husband replies that wife should be fully self-supporting in three to five years and that 24 months of support at the $900 level is all that she requires to get the education she needs.

Even accepting that wife will be able to go to school only part time, she has presented no evidence that she would not be able to complete a vocational program in four years. She has already taken some classes and has the benefit of her work experience. We conclude that wife is entitled to spousal support of $900 per month for four years to enable her to attend school part time during that period.

■    We next consider the overall length of time for which wife is entitled to spousal support. We find several factors important. Wife, age 38, is relatively young. She has no health problems and there is no indication that her ability to obtain education and training is impaired in any way. Despite her hiatus from the job market and her part-time employment status at the time of trial, her work experience is not insubstantial. By every indication, she is capable of full-time employment and, with appropriate education, has good prospects for becoming self-supporting at a level that is not overly disproportionate to the modest standard of living she enjoyed during the marriage. Under these circumstances, we believe that indefinite support is not warranted.

The dissent, by contrast, would make the spousal support award indefinite. It observes that husband earns $3,000 per month, while wife earns only $800 per month and concludes that the earning capacities of the two are so disparate that wife is entitled to indefinite support. 140 Or App at 384. The dissent overlooks the fact that husband's gross monthly income reflects earnings from both his full-time and part-time jobs, while wife's gross monthly income reflects earnings only from her part-time job. Its conclusions about the parties' relative earning capacities is therefore flawed. On the facts of this case, we conclude that wife is entitled to a graduated decrease in support to facilitate her entry into the job market as a full-time worker after she completes her education. Accordingly, we modify the spousal support award to require that, after the four years of support at $900 per month, wife shall receive as support $700 per month for two years, followed by $500 per month for an additional two years.

On appeal and on cross-appeal, remanded with instructions to enter modified judgment awarding wife spousal support of $900 per month for four years, beginning April 10, 1995, then $700 per month for two years, followed by $500 per month for two additional years; otherwise affirmed. No costs to either party.

**RIGGS, P. J.,** dissenting.

The trial court awarded indefinite spousal support to wife in this case. The majority modifies that award to provide stepped-down support that will terminate at the end of

eight years. In so doing, it correctly articulates the factors that we are to consider, but it applies those factors in a manner that fails to acknowledge the reality of wife's situation.

This was a 19-year marriage,[1] at the end of which husband had advanced degrees and wife had little more than her high school diploma. Husband earns over $3,000 per month and wife earns $800. The significant and undoubtedly permanent disparity in their earning capacities, along with the lack of certainty as to wife's future employment, leads me to conclude that indefinite support—which can be modified or terminated if need be when that uncertainty is resolved—is the only just and equitable award in this case.

As lawyers and judges, we can easily join the majority in saying, "wife is young enough to get an education and then get a better paying job." It is quite another matter for wife, who is 38, to raise two children while she chooses a career, gets an education that qualifies her for that career, finds a job, and then earns a salary that allows her to finance a lifestyle that would be commensurate with even the modest one that she enjoyed during the parties' marriage.

The majority concludes that wife should be able to attend school part time and "complete a vocational program in four years," but it bases that conclusion on nothing more than the fact that wife "presented no evidence" that she *couldn't* accomplish that. 140 Or App at 382. In a dissolution proceeding, wife bears no such burden. There is also the question of whether wife, at age 42 or older and armed with the equivalent of a two-year vocational degree, will even then be in a position that allows her "to become self-supporting at a standard of living not overly disproportionate to that enjoyed during the marriage," ORS 107.105(1)(d)(E). The majority concludes that wife "has good prospects" for achieving that goal, 140 Or App at 383, but the practical reality is that its graduated spousal support award will not allow wife to obtain the requisite "appropriate education," *id.*, particularly on a part-time basis, that would improve her *chances* of earning the income that she will need. The majority quotes *Grove and Grove*, 280 Or 341, 353, 571 P2d 477, *mod* 280 Or

---

[1] The majority opinion refers only to the parties having "separated after 17 years," 140 Or App at 381. They were married in April 1976, and the judgment of dissolution was entered in April 1995.

769, 572 P2d 1320 (1977), for the proposition that courts should "further the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship." Yet even in *Grove*, the Supreme Court awarded "permanent" spousal support to the wife. The facts there were similar to those here: The husband was a professor and the wife had been a homemaker, but at the time of the dissolution was employed in a clerical position and planned to return to school. The court determined that, *"[i]n light of the great disparity between the parties' earning capacities* in this case, there are two general approaches by which we might arrive at a spousal support award which would be just and equitable between the parties." *Id.* at 358 (emphasis supplied). The first approach involved awarding lower spousal support payments during the years when wife was receiving child support and then increasing the spousal support to "a somewhat higher permanent award in later years after the child support has terminated." *Id.* The second approach, which the court deemed "preferable" in that case, involved awarding higher spousal support at the outset, to allow the wife to complete her education, and then reducing the award to "a somewhat lower level of permanent support" after wife had significantly increased her earning capacity. *Id.*

It is significant that under either approach, the wife was to receive a *"permanent"* spousal support award, which we now refer to as an award of "indefinite" duration. *Ranes and Ranes*, 118 Or App 264, 268 n 2, 846 P2d 1195 (1993). Indefinite support was chosen because of the "great disparity" in the parties' earning capacities, *Grove*, 280 Or at 358, a disparity that would continue even after wife had received an education and become employed in a considerably better paying job. That is precisely the situation presented by the case at bar.

There is one additional basis for affirming the award of indefinite spousal support in this case: We do not know which career wife will enter, we do not know whether she will be able to obtain full-time employment in her chosen field, and we do not know whether even full-time employment in that field will allow her to become self-supporting at the requisite level. Notwithstanding those significant unknowns,

the majority is comfortable with terminating wife's support in eight years. I am not. Once wife's eight-year support award has expired, it cannot be revived.[2] Accordingly, I would award indefinite support, which may be decreased or terminated at such time as wife begins earning a sufficient income.

---

[2] Although naturally-expired spousal support awards cannot be revived, the 1991 enactment of ORS 107.136 created a means by which court-terminated spousal support can be reinstated. By its terms, ORS 107.136 applies only if support was "terminated under ORS 107.135," that is, only if the original award provided support for a length of time—be it a specific or an indefinite number of years—then a modification of that award was sought under ORS 107.135 and, as a result of that modification proceeding, the award was terminated. *See Edwards and Edwards,* 124 Or App 646, 863 P2d 513 (1993), *adhered to on recon* 127 Or App 489, 873 P2d 401 (1994). ORS 107.136 provides that reinstatement of a spousal support award may be sought only if the basis on which that award was terminated pursuant to ORS 107.135 "ceases to exist" *and* the reinstatement motion is filed within the period of time that support would have been provided under the award that was terminated. Neither statute has application in this appeal from an original dissolution judgment.