## STATE OF OREGON,
*Respondent,*

*v.*

## GEORGE MICHAEL UMTUCH, III,
*Appellant.*

(9409-35871; CA A88531)

927 P2d 142

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

After a trial to the court, defendant was convicted on one count each of sodomy I, ORS 163.405 (a Class A felony), and kidnaping II, ORS 163.225. The court sentenced defendant to a term of 260-months incarceration on the sodomy count with a period of post-prison supervision of 240 months, followed by a consecutive 72-month term of incarceration on the kidnaping count, along with 36 months of post-prison supervision. The court also imposed a $100,000 compensatory fine and ordered the Attorney General to foreclose on 40 acres of property reportedly owned by defendant. We affirm the convictions without discussion and remand for resentencing.

On appeal, the state concedes that the trial court erred by imposing a sentence on the sodomy count that exceeded the maximum term of incarceration of 240 months under ORS 161.605(1)[1] and OAR 253-08-003(2).[2] In addition, the state calls to our attention that the trial court erred under ORS 144.103[3]in imposing a 240-month term of post-prison supervision on that count because the trial court failed to make allowance for defendant's time served. *Cf. State v. Burch*, 134 Or App 569, 573, 896 P2d 10 (1995) (sentence imposing a 240-month post-prison supervision term "per 144.103" held not to exceed the maximum statutory indeterminate sentence). Although defendant did not object when the trial court imposed sentence on the sodomy count, the

---

[1] ORS 161.605 provides, in part:

"The maximum term of an indeterminate sentence of imprisonment for a felony is as follows:

"(1) For a Class A felony, 20 years [240 months]."

[2] OAR 253-08-003 provides, in part:

"(2) A durational departure from a presumptive prison term shall not total more than double the maximum duration of the presumptive prison term. *In no case may the sentence exceed the statutory maximum indeterminate sentence described in ORS 161.605*." (Emphasis supplied.)

[3] ORS 144.103 provides, in part:

"Any person sentenced to a term of imprisonment for violating * * * ORS 163.405 * * * shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, *when added to the term of imprisonment served*, equals the maximum statutory indeterminate sentence for the violation." (Emphasis supplied.)

state suggests that we should exercise our discretion to review the unpreserved error as one apparent on the face of the record. *See* ORAP 5.45(2).

The circumstances here are analogous to those in *State v. Jones*, 129 Or App 413, 416-17, 879 P2d 881 (1994), and for the reasons discussed in *Jones* we exercise our discretion and accept the state's concession.[4] Accordingly, we remand to the trial court for resentencing.

Because we remand the entire case for resentencing, ORS 138.222(5), we do not reach defendant's other assigned error.[5]

Convictions affirmed; remanded for resentencing.

---

[4] We have refused to consider unpreserved errors in post-prison supervision terms that were "clerical" or "arithmetic" in nature where the defendant failed to invoke the trial court's statutory authority, under ORS 138.083, to correct the error. *See State v. Slawson*, 123 Or App 573, 860 P2d 876 (1993). That case, however, is distinguishable because the alleged error here is not clerical or arithmetic in nature. *See State v. Owen*, 142 Or App 314, 921 P2d 424 (1996). Moreover, in light of the 1995 amendment to ORS 138.083 expanding the trial court's authority to correct erroneous terms in judgments of conviction we have stated that we will no longer exercise our discretion to review unpreserved errors in terms of post-prison supervision contained in judgments entered after September 8, 1995. *State v. Graham*, 143 Or App 85, 88, 923 P2d 664 (1996). Defendant's judgment of conviction here was entered April 19, 1995, and, thus, the statutory remedy was not available to him.

[5] Defendant claims that the trial court erred in imposing consecutive sentences on the kidnaping and sodomy convictions.