Submitted September 24, 2020, affirmed March 24, petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REYES CARILLO LOPEZ,
*Defendant-Appellant.*

Malheur County Circuit Court
18CR25705; A170029

484 P3d 1098

Lung S. Hung, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant was found guilty by jury verdict of one count of first-degree sexual abuse, ORS 163.427 (Count 1); and one count of first-degree unlawful sexual penetration, ORS 163.411 (Count 2). The verdict on an additional count of first-degree unlawful sexual penetration was merged with the verdict on two other counts in the judgment of conviction. On appeal, in three assignments of error, defendant claims the trial court erred by (1) instructing the jury that it may return nonunanimous verdicts; (2) imposing post-prison supervision (PPS) of 120 months, less time actually served, for Count 1; and (3) imposing PPS of 100 years for Count 2.

In the first assignment of error, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal. After the United States Supreme Court ruled against nonunanimous jury verdicts for serious offenses in *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). As this issue was not preserved and no jury poll was conducted, we decline to exercise our discretion to review the nonunanimous jury instruction here for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness *** that motivates the preservation requirement").

In the second assignment of error, with respect to Count 1, defendant argues that the PPS sentence of 120 months, minus time actually served, created an unlawful indeterminate PPS term. He relies on *State v. Young,* 249 Or App 597, 277 P3d 645 (2012), for that proposition. Defendant's argument fails, however, because *Young* and the cases on which it relied did not involve ORS 144.103(1). *See, e.g.*, *State v. Chavez-Reyes,* 303 Or App 161, 162, 459 P3d 963 (2020) (noting the difference between standard determinate

PPS terms and indeterminate PPS terms required by ORS 144.103); *State v. Burch,* 134 Or App 569, 573, 896 P2d 10 (1995) (explaining the nature of the PPS term required under ORS 144.103). We therefore reject the second assignment of error.

In the third assignment of error, defendant claims that the PPS term of 100 years for Count 2 is unlawfully excessive. While this appeal was pending, the trial court amended the PPS term for Count 2 to life, rather than 100 years. Because this PPS term now conforms with the statutory requirement found in ORS 144.103(2)(a), we reject the third assignment without further written discussion.[1]

Affirmed.

---

[1] ORS 144.103(2)(a) provides that a "person sentenced to a term of imprisonment for [first-degree unlawful sexual penetration with a victim under 12 years of age (ORS 163.411(1)(b))] shall serve a term of post-prison supervision that continues for the rest of the person's life[.]"