Argued and submitted January 29, reversed and remanded for reconsideration of attorney fees August 4, 1999

In the Matter of the Compensation of
Lois J. Schoch, Claimant.

Lois J. SCHOCH,
*Petitioner,*

*v.*

LUEPOLD & STEVENS
and Liberty Northwest Insurance Corporation,
*Respondents.*

(92-09982; CA A98548)

987 P2d 13

Meagan Flynn argued the cause for petitioner. With her on the brief was Pozzi Wilson Atchison, LLP.

David O. Wilson, Senior Trial Counsel, argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

KISTLER, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

**KISTLER, J.**

The Workers' Compensation Board awarded claimant $3,000 in attorney fees for time spent successfully challenging an order of the Director of the Department of Consumer and Business Services that denied claimant's request for back surgery. This court affirmed the fee award, and the Supreme Court reversed and remanded. It held that the Board's explanation was not sufficient to determine whether the Board had acted within its discretion in setting the fee. *Schoch v. Leupold & Stevens*, 325 Or 112, 934 P2d 410 (1997). On remand, the Board offered a more detailed explanation and adhered to the $3,000 figure. On review, claimant argues that the Board abused its discretion when it awarded claimant's counsel only half that to which the time spent and his customary rate should have entitled him. We reverse and remand.

This case has a complex procedural history that arises out of two parallel proceedings claimant pursued to receive one surgery.[1] In January 1990, claimant suffered a compensable low back injury. Claimant's doctor requested authorization for surgery on February 14, 1992. Liberty, the insurer, requested review of the proposed surgery by the Director. On July 16, 1992, the Director issued his proposed and final order finding that surgery was not appropriate. Claimant asked for a hearing on July 28, 1992, arguing, among other things, that the Director had no original jurisdiction over a medical services issue involving reasonable and necessary care. On December 10, 1992, ALJ Holtan issued an opinion and order affirming the Director's order. Claimant requested review of that order.

On May 25, 1993, while claimant's challenge to the denial of her first request for surgery was pending before the Board, claimant's doctor submitted a second request for surgery. On July 12, 1993, Liberty issued a denial of claimant's current condition, disability and the need for medical treatment. Claimant filed a request for hearing on that denial,

---

[1] The two parallel proceedings are WCB 92-09982 and WCB 93-09584. There is also a third proceeding, WCB 92-16273, concerning the determination order that initially closed the claim.

which was held on November 9, 1993, before ALJ Podnar. Liberty orally withdrew its July 12, 1993, denial letter at closing argument but maintained its *de facto* denial of surgery, arguing that the surgery was not reasonable and necessary.

On December 3, 1993, the Board concluded that, under ORS 656.327, the Director had no jurisdiction to review claimant's first request for surgery. It accordingly vacated ALJ Holtan's December 10, 1992, order and remanded for further proceedings. In response to a letter from claimant, the Board issued an order of abatement on December 29, 1993, in order to determine whether a remand was necessary.

On January 10, 1994, ALJ Podnar found that the second request for surgery was reasonable and necessary and set aside Liberty's denial of that request for surgery. ALJ Podnar awarded claimant's attorney an assessed fee of $10,500, which the Board reduced to $5,750.[2]

On January 12, 1994, claimant wrote to the Board, regarding the first claim for surgery, and enclosed a copy of ALJ Podnar's January 10, 1994, order, finding that the surgery was reasonable and necessary. The Board entered an order on reconsideration on January 28, 1994, remanding the case to ALJ Holtan to allow both sides to present additional evidence regarding claimant's first request for surgery.[3] Liberty wrote a letter to the Board stating that it would not appeal ALJ Podnar's January 10, 1994, order because it was no longer contesting claimant's request for surgery. In the letter, Liberty argued that ALJ Podnar's decision approving the second request for surgery rendered claimant's first request for surgery moot and asked the Board to dismiss the case arising out of that first request.

---

[2] The Board ordered the lower fee because claimant included a contingent multiplier of 1.5 in the fee amount requested at hearing. The Board found that it was not appropriate to consider a separate, additional contingency multiplier, because one of the factors set forth in OAR 438-15-010 (4) is a contingency factor that was already taken into consideration.

[3] The Board remanded to the hearings division in light of *Jefferson v. Sam's Cafe*, 123 Or App 464, 861 P2d 359 (1993), *rev den* 320 Or 453 (1994) (the Hearings Division, not the Director, has jurisdiction to resolve disputes concerning future medical treatment).

On remand, ALJ Holtan found that the original Director's order was invalid but that the substance of the medical services dispute had been rendered moot by the approval of the request for surgery in the second claim. He also denied claimant's request for attorney fees. Claimant requested review of ALJ Holtan's order on remand.

On review, the Board found that the first request for surgery was not moot and awarded claimant attorney fees of $3,000 under ORS 656.386 (1).[4] The Board's order stated:

> "After considering the factors set forth in OAR 438-15-010 (4) and applying them to this case, we find that a reasonable attorney fee for claimant's counsel's services at hearing, on Board review and on remand concerning the validity of the Director's July 16, 1992 order is $3,000, to be paid by the insurer. In reaching this conclusion, we have particularly considered the time devoted to the case (as represented by the record and claimant's appellate briefs), the complexity of the issue, the value of the interest involved, and the risk that claimant's counsel might go uncompensated."

*Lois J. Schoch*, 47 Van Natta 71, 73 (1995). Claimant asked the Board to reconsider the amount of fees it had awarded and submitted a statement of services totaling $19,897.50. In its order on reconsideration, the Board adhered to its earlier decision. We affirmed without opinion, and the Supreme Court allowed review.

The Supreme Court reversed. The court assumed that the Board had considered all of the factors mentioned in OAR 438-015-0010(4). The problem, the court reasoned, was that the Board had failed to explain how those factors had weighed in its decision-making process. *Schoch*, 325 Or at 119. What was missing from the Board's opinion was the rationale that had led it from the factors it considered to the fee it awarded. *Id.* It was unclear to the court whether the

---

[4] The Board awarded fees because (1) claimant initiated the appeal by requesting a hearing on the Director's July 16, 1992, order; (2) both the Director's order declaring treatment not compensable and ALJ Holtan's December 10, 1992, order affirming the Director's order constituted orders denying claimant's claim for compensation; and (3) claimant finally prevailed on the issue of compensation when the Director's order was declared null and the insurer no longer challenged the surgery claim. *See* ORS 656.386(1). Liberty has not challenged the Board's decision to award fees; only the amount of fees has been at issue.

Board had thought that the hourly rate was too high, whether it thought that the time spent on the case was excessive, or whether the Board had discounted claimant's fee request because of the fees awarded in the parallel proceeding. *Id.* at 119-20. The court explained: "In sum, we conclude that the Board's order does not contain a sufficient explanation to permit an appellate court to review the Board's exercise of discretion in setting a reasonable attorney fee." *Id.* at 119. The court accordingly remanded the case to the Board.

In its order on remand, the Board reaffirmed that $3,000 is a reasonable fee. It reasoned:

"As compared to typical medical services cases which come before us, the issues here were of average complexity. The hearing was also of average length. On the other hand, in light of the 'original/appellate jurisdiction' and *'de novo/* substantial review' aspects of this case, we consider the issues to have been of above average procedural complexity. Moreover, the nature of the proceedings was also beyond the normal case in that claimant's counsel performed services at the hearings level, on Board review, and before the Board on remand.

"Considering the complicated procedural aspects of the claim, there was a decided risk that claimant's counsel's efforts might have gone uncompensated. For the same reason, expenditure of substantial time was required to secure claimant's benefits. The parties' respective counsels also presented their positions in a thorough, well-reasoned and skillful manner.

"Finally, we take into consideration that claimant previously prevailed against a denial of the same surgery in a collateral proceeding for which her counsel has already been awarded a $5,750 attorney fee. In addition, claimant's counsel is not entitled to an attorney fee for services devoted to the insurer's withdrawal of its appeal from the Order on Reconsideration. Finally, no attorney fee is awardable for claimant's counsel's services at any level concerning the attorney fee issue.

"After considering the aforementioned factors, we continue to conclude that $3,000 is a reasonable assessed attorney fee for claimant's counsel's services regarding the insurer's 'pre-remand hearing' concession concerning claimant's surgery. In particular, we have considered the

time devoted to the issue (as represented by the record, claimant's appellate briefs, and her counsel's statements of services), the procedural complexity of the issue, the nature of the proceedings (hearing, Board review and remand), the value of the interest involved, and the risk that claimant's counsel might go uncompensated."

*Lois J. Schoch*, 49 Van Natta 788, 789-90 (1997) (footnotes and citations omitted).

The Board added in a footnote:

"In reaching this conclusion, we wish to emphasize that we are not questioning claimant's counsel's representations regarding the amount of time expended in pursuit of the insurer's eventual concession regarding claimant's surgery claim. Rather, for the reasons expressed above, particularly claimant's successful efforts in another proceeding regarding the same surgery, services which resulted in a $5,750 attorney fee award, we find $3,000 to constitute a reasonable attorney fee award in this proceeding."

*Id.* at 790.

■     On review, claimant argues that the Board abused its discretion when it reduced her fee request by more than half. She claims that nothing in the Board's order shows that either the time her counsel spent or his hourly rate was unreasonable.[5] She also argues that the fact that she had recovered $5,750 in the parallel proceeding did not justify the reduction the Board imposed. Liberty responds that the Board "subscribed to two of the possible explanations posited by [the Supreme Court's decision to justify its $3,000 fee award]: reduced hours and the attorney fee assessed in the parallel case meant that $3,000 was a sufficient award." Liberty accordingly concludes that the Board did not abuse its discretion.

We are met at the outset with the same problem that confronted the Supreme Court earlier in this case. We cannot

---

[5] Claimant sought $8,312.50 for 47.5 hours at $175 per hour for the time her counsel spent on this case up to February 2, 1994, the date of Liberty's concession regarding claimant's entitlement to surgery. *See Schoch,* 325 Or at 116 n 6. Except for .25 hours, it does not appear that any of the 47.5 hours for which claimant requested fees includes any time devoted to the insurer's withdrawal of its appeal from the order on reconsideration or the pursuit of attorney fees.

tell from the Board's order how it evaluated the various factors it considered in arriving at a $3,000 fee. The Board's first opinion listed a series of factors that it considered and then stated that a reasonable fee was $3,000, without explaining the reasons that led to that conclusion. The Board's opinion on remand is not materially different. Although the Board's order on remand discusses some of the factors at greater length, it never explains the reason why those factors led it to reach the result it did.

The Board's opinion on remand discusses, for example, the nature of the work claimant's counsel performed before the Board and the complexity of the issues counsel addressed. The opinion does not go on to say, however, whether the hours claimant's counsel worked were reasonable or unreasonable in light of the nature and complexity of the work he did. The intermediate step that is missing from the Board's opinion is the reasoning that led it from the factors it considered to the amount of the attorney fee it awarded. *Drew v. PSRB*, 322 Or 491, 500, 909 P2d 1211 (1996).[6]

The Board's discussion of the fee awarded in the parallel proceeding suffers from the same defect. The Board's order states: "Finally, we take into consideration that claimant previously prevailed against a denial of the same surgery in a collateral proceeding for which her counsel has already been awarded a $5,750 attorney fee." The Board does not explain, however, why the recovery in the collateral proceeding meant that the award in this proceeding should be reduced. Perhaps the Board thought that the attorney's efforts in the two proceedings were duplicative, but it neither said nor explained why it thought so. We cannot say that it was so obvious that the attorney's efforts in the two proceedings duplicated each other that no explanation was necessary. Rather, it appears that the two proceedings were directed at different but equally legitimate goals.[7] There may

---

[6] As the Supreme Court recently explained in an analogous context, an agency must do more than find facts and state conclusions. "[A]gencies are also required to demonstrate in their opinions the *reasoning* that leads the agency from the *facts* that it has found to the *conclusions* that it draws from those facts." *Drew*, 322 Or at 500 (emphasis in original).

[7] For all that we can tell from the record, it appears that the attorney's efforts in the first proceeding were directed primarily to determining who had jurisdiction

be appropriate reasons why the award in the other proceeding justified reducing the award in this one, but the Board needs to explain why that is so before we can determine whether it acted within its discretion.

The Board need not provide an elaborate or extensive explanation of its reasoning. When, however, either a claimant or an insurer submits a specific statement of services or a specific objection to a fee award, *Schoch* requires that the Board do more than simply describe the factors it has considered and then posit a reasonable fee. *See* 325 Or at 119; *compare SAIF v. Bacon,* 160 Or App 596, 604, 982 P2d 40 (1999) (discussing level of specificity necessary when no specific objection has been made). Rather, *Schoch* requires that the Board explain the reasons why the factors it considers lead to its conclusion that a specific fee is reasonable. Unless the Board explains why its consideration of the various factors caused it to agree or disagree with the specific request or objection a party has presented, we cannot say whether it acted within or abused its discretion in awarding fees. The Board's order is reversed and the case remanded for reconsideration of the attorney fee.

Reversed and remanded for reconsideration of attorney fees.

---

to rule on the reasonableness of claimant's request for surgery while the efforts in the second proceeding were directed towards proving the reasonableness of the request for surgery.