On petition for attorney fees filed September 24, 1999,* petitioners awarded attorney fees February 24, 2000

## Troy DOCKINS and Donna Dockins, *Petitioners on Review,*

*v.*

## STATE FARM INSURANCE COMPANY, a corporation, *Respondent on Review.*

(CC 9605-03556; CA A98608; SC S45747)

997 P2d 859

---

* 329 Or 20, 985 P2d 796 (1999); on review from the Court of Appeals, 155 Or App 377, 963 P2d 119 (1998).

William A. Drew, Portland, filed the petition for petitioners on review. With him on the petition were Robert E. L. Bonaparte, and Bonaparte, Elliott, Ostrander & Preston, P.C., Portland.

Michael A. Lehner, of Lehner, Mitchell, Rodrigues & Sears, Portland, filed the opposition to the petition for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.**

GILLETTE, J.

** Riggs, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

Last year, this court decided *Dockins v. State Farm Ins. Co.*, 329 Or 20, 985 P2d 796 (1999), a case involving an action on an insurance policy. Petitioners were plaintiffs in that action. They prevailed on appeal, thereby establishing their right to collect "reasonable" attorney fees from defendant insurer (respondent) under ORS 742.061. Petitioners now seek a specific amount of fees—$41,513.12—for the work their lawyers performed in the course of that appeal. Respondent opposes the petition for attorney fees, arguing that the amount requested is unreasonable and that a sum of $15,000 would be appropriate. For the reasons that follow, we award to petitioners the amount that they have requested.

In 1992, petitioners became embroiled in a dispute with respondent over coverage for damage caused by a leaking underground oil tank located on their property. *Dockins*, 329 Or at 22-25. Petitioners approached a law firm (petitioners' lawyers), who agreed to represent them in the dispute on a "contingent" fee basis.[1] The contingent fee agreement contemplated two possible scenarios: (1) an early settlement that would include some amount for attorney fees or (2) a more significant award of "reasonable" attorney fees under ORS 742.061 if petitioners prevailed after more protracted litigation.[2]

Respondent initially declined to settle the dispute. Petitioners then filed their action. Approximately eight months after the action was filed, respondent offered to settle with petitioners for $15,000, but expressly excluded any

---

[1] The amount of the fee was not "contingent" in the traditional sense of a graduated fee based on the length of the litigation and the size of the judgment for the client. Rather, it was a contingent fee of the kind made possible by legislative choice to encourage certain forms of legal actions that are desirable from a policy standpoint but that would not be viable economically without a statutory authorization to award a "reasonable" fee to the prevailing party.

[2] ORS 742.061 provides, in part:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

additional amount for attorney fees. Petitioners accepted that offer as settlement of the underlying insurance claim, but only after respondent agreed to litigate the issue of petitioners' entitlement to attorney fees.

Subsequently, petitioners petitioned the trial court for an award of attorney fees, and respondent opposed their petition. The trial court denied the petition, concluding that petitioners were not entitled to attorney fees under ORS 742.061. Petitioners appealed and, eventually, obtained review by this court. We reversed the trial court's denial of the petition and held that petitioners were entitled to attorney fees under ORS 742.061, because their recovery exceeded the amount of any timely tender by respondent. *Dockins*, 329 Or at 34.

Our earlier opinion in *Dockins* involved only the trial court's denial of petitioners' petition for attorney fees at that level. We remanded the case to that court to award a reasonable amount for the efforts of petitioners' lawyers at that level. *Id.* at 35. However, ORS 742.061 also provides for reasonable attorney fees on appeal. The present petition pertains to fees on appeal and, as noted, seeks an award of $41,513.12.

Petitioners explain their $41,513.12 request as follows: For each lawyer and legal assistant who worked on petitioners' appeal, petitioners have multiplied the number of hours they billed by a "reasonable hourly rate," which is based on the respective lawyer's or assistant's standard rate for the work at issue.[3] When the total fees for each lawyer and legal assistant are added, the result is the amount requested.

As factual support for their request, petitioners' lawyers have submitted detailed records documenting their individual time expenditures on various appeal-related activities[4] and a verified statement[5] in which they assert that they

---

[3] Petitioners have multiplied their standard rates by a factor that they say represents the increased risk inherent in taking a case on a contingent fee basis. The use of that factor is not an issue in this proceeding.

[4] Petitioners' lawyers assert that they "exercised their billing judgment" when they billed time to the appeal and eliminated all time that they considered to be excessive or otherwise unreasonable.

[5] Under ORAP 13.10(5)(a), petitioners were required to submit

ordinarily charge paying clients between $150 and $200 per hour for their work, that the prevailing market rate for similar legal work is between $150 and $275 per hour, and that the claimed hours and hourly rates are reasonable in light of six relevant factors: (1) the novelty and difficulty of the question involved; (2) the skills needed to perform the work properly; (3) the fees customarily charged for similar legal services; (4) the result obtained (which they describe as having "preserved a meaningful right to [the] attorney fees * * * provided by ORS 742.061"); (5) their experience, reputation and abilities; and (6) the fact that they devoted a substantial amount of time to the case on a contingent fee basis.

The six factors identified by petitioners as supporting the reasonableness of their request are in fact items that this court considers in determining an appropriate attorney fee award. The factors are drawn from Disciplinary Rule (DR) 2-106 of the Code of Professional Responsibility, which sets out factors that bear on the reasonableness of an attorney's fee. This court has indicated that the factors enumerated in DR 2-106 are relevant in determining a reasonable attorney fee under ORS 742.061.[6] *See, e.g.,* *Chalmers v. Oregon Auto. Ins.*

---

"a statement of facts showing the total amount of attorney time involved, the amount of time devoted to each task, the reasonableness of the amount of time claimed, the hourly rate at which time is claimed and the reasonableness of the hours."

ORAP 13.10(5)(b) requires petitioners to address any factor that this court may consider in determining a reasonable attorney fee under ORS 742.061.

[6] DR 2-106 is the disciplinary rule that prohibits lawyers from charging fees in excess of a reasonable fee. Subsection (B) of the rule lists factors to be considered in determining whether a fee is reasonable:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

*Co.*, 263 Or 449, 455, 502 P2d 1378 (1972) (so stating).[7] Therefore, to the extent that those listed factors (including the ones relied upon by petitioners) are relevant, we ordinarily include them in our analysis. In addition, because this petition pertains to fees for prosecuting an appeal in this court, we ordinarily consider the extent to which counsel's written and oral arguments assisted the court in reaching a decision. *Id.* at 456.

Respondent does not deny that petitioners are entitled to some award of attorney fees. Neither does it challenge the actual amount of time expended or question whether the time was devoted to the tasks reported by petitioners. As noted, it challenges only the *reasonableness* of the amount of time expended and the hourly rates that are claimed for that time. We turn to a discussion of those factors that relate to the reasonableness of time expended and hourly rate charged.

■■ In determining a reasonable attorney fee, our analysis largely will be framed by the opponent's objections to a petitioner's request. We depend on a petitioner's opponent to raise objections to the petitioner's request with as much particularity as possible and to support those objections with argument and (where appropriate) documentation that will assist this court in its efforts.[8] *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 189, 957 P2d 1200 (1998) (on reconsideration) (holding, in context of discretionary decision by

---

[7] The legislature expressly has directed courts to consider the same set of factors (among others) when determining the amount of an attorney fee award under ORS 20.075. ORS 20.075 applies only when "attorney fees are authorized by statute and * * * *the court has discretion to decide whether to award attorney fees.*" (Emphasis added.) ORS 742.061, the fee shifting statute at issue here, provides that "a reasonable * * * attorney fee[ ] shall be taxed as part of the costs of the action and any appeal thereon," if certain preconditions are met. As such, it allows courts no discretion on the question whether to award an attorney fee.

[8] If an opponent of a fee award fails timely to raise *any* objection to a request for attorney fees, then this court has declared by rule that it will award the amount requested. ORAP 13.10(9) provides:

"In the absence of timely filed objections to a petition under this rule, the Supreme Court * * * will allow attorney fees in the amount sought in the petition, except [in certain circumstances not applicable in the present case]."

Court of Appeals to award an attorney fee, that "the objections of a party who resists a petition for attorney fees plays an important role" in court's decision).

■ We turn to respondent's first objection—that petitioners' lawyers have claimed an excessive and, therefore, unreasonable, number of hours. Petitioners' lawyers claim to have spent 193.8 hours on the appeal (including 19 hours of legal assistant time) and have submitted documentation that accounts for that time and the matters attended to on a daily basis. As noted, respondent does not question the accuracy of petitioners' documentation, but suggests that the time expended by petitioners' lawyers on the case was unreasonable in light of (1) the disproportionality between the time claimed by petitioners' lawyers and the time expended on the same matter by respondent's own lawyer,[9] (2) the fact that the case was not particularly complex, *i.e.*, "it required the court to construe a single statute," and (3) the claims made by petitioners' counsel of substantial experience in litigating and appealing insurance coverage disputes.

The latter two objections require little discussion. Although this case certainly is not among the most difficult cases that this court has heard in recent years, neither is it among the simplest. And, although the hours claimed by petitioners' lawyers might lie toward the high end of the range of hours that are claimed in ordinary appeals of moderate difficulty by experienced, competent counsel, they are not patently outside that range.

Neither are we persuaded by respondent's disproportionality argument. Although it might be useful to compare the hours claimed by a petitioner's lawyer with those of lawyers arguing similar positions in similar cases, respondent is not offering such a comparison here. As respondent's lawyer acknowledges, an appellant's task might be more difficult than that of a respondent. An appellant's counsel

---

[9] In support of its objection, respondent has filed an affidavit showing that its own lawyer in the matter devoted only 54.8 hours to responding to petitioners' appeal. Although respondent's lawyer acknowledges, in that affidavit, that it might take more time to prepare an appellant's case than a respondent's, he suggests that the disparity in this case is "exceptional." Respondent's lawyer states that, in his opinion, petitioners' lawyers should have been able to prosecute their appeal in 100 hours or less.

reasonably might devote more time to an appeal as a consequence. Respondent has not made a sufficient showing that the amount of time expended in this case lies outside the permissible range. We accept the claimed time expenditure, 193.8 hours, as reasonable.

■ Respondent also objects to the reasonableness of the various hourly rates sought by petitioners' lawyers in their petition. In support of that objection, respondent's lawyer avers that, (1) "in [his] experience, lawyers practicing in insurance law do not obtain the hourly rates sought by petitioners in this case;" (2) his own billing rate for appellate work is lower; and, (3) in his opinion, a reasonable hourly rate for petitioners' lawyers in this case is significantly lower than those sought by petitioners' lawyers.

The first and last assertions are of limited assistance in determining the reasonableness of the hourly rates that petitioners have requested. Respondent's lawyer, who avers that he has testified as an expert witness on attorney fee issues in other cases, argues that a rate that is from 14 to 22 percent less than those claimed[10] would be reasonable in this case. Counsel has not persuaded us that the requested rates are unreasonable.

The second point from the affidavit, that respondent's lawyer's *own* billing rate is lower than the rates requested, also fails to persuade us that petitioners' lawyers' requested fees are unreasonable. We already have noted the potentially limited utility of comparing directly the respective tasks of appellant's and respondent's lawyers, and that information illustrates our point. For example, we specifically note that lawyers in a position like that of respondent's lawyer often have long-term relationships with the insurance companies that they represent—a fact that tends to drive down their billing rates in comparison to lawyers for

---

[10] Petitioners' lawyers billed their work at basic rates of $190 per hour for two senior lawyers, $175 per hour for a third lawyer, and $48 per hour for a legal assistant. Petitioners' lawyers enhanced their basic fees by a percentage based, *inter alia*, on the contingent nature of their clients' claim. We understand respondent's objection as addressing the basic rates mentioned in the petition and not the rates reflecting the contingency enhancement.

insureds, who commonly represent a client in a single matter. Given the broad range of rates that lawyers charge and the broad range of reasons that can affect the rate that a particular lawyer charges a particular client, the billing rate of a lawyer who shares little more with petitioners' lawyers than a similar area of practice does not assist us materially in setting a reasonable rate for the work of petitioners' lawyers on this matter.

The foregoing disposes of respondent's specific objections. In the ordinary case, we are loath to undertake a wide-ranging, independent review of a petitioner's request for attorney fees, inasmuch as any questions or doubts that we might have might not be shared by the objecting party. This is such an ordinary case.

Petitioners are awarded $41,513.12 as reasonable attorney fees on appeal.