Argued and submitted May 14, 1999, vacated and remanded in part; otherwise affirmed May 3, 2000

NORTHWEST PUMP & EQUIPMENT COMPANY,
a Washington corporation,
*Appellant,*

*v.*

Richard STACH,
Dave Schmidt, Joel Fosdick
in their capacity as the
Linn County Board of Commissioners;
Neil D. Michael in his capacity as
Linn County Roadmaster;
and Ace Tank & Equipment Co.,
a Washington corporation,
*Defendants,*

*and*

LINN COUNTY,
a political subdivision of
the State of Oregon,
*Respondent.*

(93-1616; CA A100623)

1 P3d 466

Larry D. Moomaw argued the cause for appellant. With him on the briefs were Brien Hildebrand and Moomaw, Miller & Hildebrand.

Bruce L. Mowery argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

Kistler, J., concurring.

**ARMSTRONG, J.**

Plaintiff appeals from a judgment that awarded it attorney fees under ORS 279.067(4). It contends that the court abused its discretion by awarding only $25,000 of the $79,000 that plaintiff had sought in fees. We vacate the award and remand for entry of findings that are sufficient to determine whether the court acted within its discretion in awarding fees.

The attorney-fee award arises out of litigation over defendant's compliance with public contract law. Pursuant to that law, plaintiff submitted a bid for a contract to provide materials for the construction of gasoline storage tanks and pumping equipment for defendant. Although plaintiff's bid was lower than that of the only other bidder, defendant awarded the contract to the other bidder. Plaintiff thereafter filed an action against defendant and the successful bidder alleging violations of ORS 279.029(1), which requires that contracts for public improvements be awarded to the "lowest responsible bidder," as well as other provisions of ORS chapter 279, the administrative rules governing public contracts, and the Linn County Code (LCC).

In addition to declaratory and injunctive relief, bid preparation costs, and attorney fees and costs, plaintiff's original complaint sought damages for lost profits that plaintiff allegedly would have earned on the contract. Plaintiff dropped its claim for lost profits approximately two years after it filed its original complaint. It dropped its claim for injunctive relief on the morning of the preliminary injunction hearing, apparently after having been repeatedly told by opposing counsel that an injunction would not likely issue because the improvements had been substantially completed.

The trial court granted partial summary judgment to plaintiff on liability. It concluded that defendant had used brand names in its bid solicitation in violation of ORS 279.017, had failed to comply with the advertising requirements of ORS 279.025 and LCC 2.30.310, and had accepted a bid that was over 30 days old in violation of LCC 2.30.180. The case went to trial on the remaining issues. After a bench

trial, the court awarded plaintiff $4,000 in damages for its bid preparation costs.

Based on that award, plaintiff petitioned for an award of attorney fees under ORS 279.067(4).[1] Plaintiff requested approximately $79,000 in attorney fees and presented expert testimony on the reasonableness of that amount at a hearing. Defendant raised several objections. First, it argued that a substantial portion of plaintiff's attorney fees was attributable to plaintiff's claim for lost profits, which plaintiff eventually abandoned because it concluded that lost profits are not recoverable under ORS chapter 279. Defendant also argued that plaintiff's trial tactics, particularly its refusal to disclose its bid preparation costs until the eve of trial, impeded settlement and thereby inflated the attorney fees. Defendant also contended that the requested amount of $79,000 improperly included fees incurred in suing the successful bidder and that the requested fee was unreasonable under DR 2-106 of the Code of Professional Responsibility.

■ The trial court awarded plaintiff $25,000 in fees. It agreed with defendant that it should not award fees that plaintiff incurred in pursuing its claim for lost profits. The court also cited as factors bearing on its award the fact that plaintiff had been unable or unwilling to disclose its bid preparation costs before trial and that an equipment manufacturer had made misrepresentations to defendant on plaintiff's behalf about a fuel tank that plaintiff had proposed to use for the project. The trial court further stated that the $25,000 award was

"based on all the equities involved in this case, how much work [plaintiff's attorneys] did, how much work I think they should have done, the evidence presented by the affidavits, the testimony and argument at hearing, factors set out in ORS 20.075[2] and my experience as a trial lawyer/judge for the last 24 years."

---

[1] ORS 279.067(4) authorizes courts to award reasonable attorney fees and costs to successful parties in actions against public contracting agencies to require compliance with, prevent violations of, or determine the applicability of ORS 279.011 to ORS 279.063.

[2] We note that ORS 20.075 does not apply to this case because that statute applies only to "actions and proceedings that are commenced on or after" September 9, 1995. Or Laws 1995, ch 618, § 140. The original complaint in this case was

On appeal, plaintiff argues that the trial court was required to accept its requested fee as reasonable because it offered expert testimony on the reasonableness of its fee and defendant did not present expert testimony to establish that the fee was unreasonable. It also argues that an award of less than a third of the fees that it had incurred would undermine the goal of ORS 279.067 to encourage adversely affected bidders to enforce the public contract law through private action. Finally, plaintiff argues that the county's aggressive defense posture increased plaintiff's fees. Defendant counters that the low fee award was within the range of the trial court's discretion. After examining the record, we conclude that, without more detailed findings to support the award, we are unable to determine whether the court acted within its discretion in setting fees.

We have held that "[t]he amount of attorney fees [to be awarded is an issue] as to which the trial court has wide discretion." *Parrott v. Carr Chevrolet, Inc.*, 156 Or App 257, 282, 965 P2d 440 (1998) (citations omitted), *rev allowed* 328 Or 418 (1999). We have further explained that the "abuse of discretion standard tests only whether the trial court made a decision within the permissible range of choices," *State v. Hewitt*, 162 Or App 47, 52, 985 P2d 884 (1999) (citations omitted), *rev allowed* 330 Or 252 (2000), and that "[a]n abuse of discretion occurs when a court exceeds the rules of law that circumscribe its authority," *State v. Vasquez-Hernandez*, 159 Or App 64, 72, 977 P2d 400, *rev allowed* 329 Or 447 (1999).

■　　　While Oregon courts have broad discretion in setting attorney fees, the Supreme Court nonetheless requires them to enter findings that are sufficient to permit meaningful appellate review of their awards. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998).[3] Although the findings need not

filed in November 1993. However, plaintiff has not assigned error to the trial court's use of the statute in making the fee award. Moreover, since ORS 279.067(4) makes the trial court's award of attorney fees discretionary, the trial court was entitled to consider a broad range of factors in setting the fee amount. It would be difficult if not impossible to argue that the factors identified in ORS 20.075 were outside of that range.

[3] Although the attorney fees in *McCarthy* were awarded pursuant to ORS 659.121 and ORS 20.075, rather than ORS 279.067, the Supreme Court explained

be extensive, *McCarthy*, 327 Or at 188, the relevant case law indicates that courts must describe the effect of each of the factors on which they rely in setting fees. *See McCarthy*, 327 Or at 188 n 1; *Schoch v. Leupold & Stevens*, 325 Or 112, 119, 934 P2d 410 (1997); *Schoch v. Leupold & Stevens*, 162 Or App 242, 248-50, 987 P2d 13 (1999). Here, the trial court did not explain the degree to which each factor on which it relied affected its award.

The trial court noted, for example, that it would not award fees for time spent to pursue the claim for lost profits. Nonetheless, it failed to set out the amount of fees that it attributed to the prosecution of that claim. The trial court similarly failed to set forth the reduction that it assigned to plaintiff's apparent failure to calculate bid costs until the eve of trial, to the misrepresentations that the equipment manufacturer made to defendant on plaintiff's behalf, and to the other intangible factors that the court identified as affecting its decision, such as the balance of the equities. Although the trial court had discretion in setting the fee, we cannot determine whether it acted within that discretion without more comprehensive findings.

Award of attorney fees vacated and remanded; otherwise affirmed.

**KISTLER, J.,** concurring.

I join the court's opinion holding that additional findings are necessary for meaningful appellate review. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998). I write separately to put our holding in context. Our fee decision, which the Supreme Court found insufficient in *McCarthy*, "gave no explanation, through special findings of fact or otherwise, of the court's basis for the award." *Id.* at 95. Similarly, the agency's order in *Schoch v. Leupold & Stevens*, 325 Or 112, 119, 934 P2d 410 (1997), simply recited that the agency had

---

that "the requirement of explanatory findings stems not from a statute or rule of appellate procedure but from prudential and practical considerations that undergird the interests of the parties and the court in meaningful appellate review of an award or denial of attorney fees." *McCarthy*, 327 Or at 187. In light of that analysis, we conclude that the requirement of explanatory findings does not depend upon the applicability of ORS 659.121 or ORS 20.075.

considered a series of factors and announced, without further explanation, that a specific figure represented a reasonable attorney fee. *See also Schoch v. Leupold & Stevens*, 162 Or App 242, 248-50, 987 P2d 13 (1999). Although the court held that those orders were not sufficient to permit meaningful appellate review, it recognized that it would ordinarily be sufficient if a court specified the reasonable number of hours and the reasonable hourly rate on which it based its fee award. *McCarthy*, 327 Or at 188 n 1; *see Kahn v. Canfield*, 330 Or 10, 15 and n 6, 998 P2d 651 (2000).[1]

In this case, the trial court explained why it reduced plaintiff's requested fee. Its opinion went far beyond the orders in *McCarthy* and *Schoch*. The trial court, however, decided plaintiff's fee request in this case before the Supreme Court issued its decision in *McCarthy* and did not specify either the reasonable number of hours that plaintiff should have devoted to the case or the reasonable hourly rate. Although it appears that the trial court accepted the hourly rate plaintiff requested but discounted its hours, it is not completely clear that it did so. Accordingly, I agree with the majority that a remand is necessary.

---

[1] The Supreme Court also reaffirmed in *Kahn* that a court's "inquiry into [a fee] request generally will be limited to the objections that are filed by the party opposing the petition." 330 Or at 13-14.