**Carolyn THIEBES; Betty Alderson, Plaintiffs–Appellees,**

v.

**WAL–MART STORES, INC, Defendant–Appellant.**

**No. 05–35172.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Filed Feb. 22, 2007.

E. Sean Donahue, Esq., Donahue & Associates, Portland, OR, William J. Rutzick,

Esq., Rebecca J. Roe, Esq., Schroeter Goldmark & Bender, Seattle, WA, James M. Piotrowski, Esq., Herzfeld & Piotrowski, Boise, ID, Shane C. Youtz, Esq., Youtz & Valdez, Albuquerque, NM, for Plaintiffs–Appellees.

Thomas W. Sondag, Esq., David G. Hosenpud, Esq., Lane Powell, P.C., Rudy A. Englund, Esq., Lane Powell, PC, Seattle, WA, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM [*]

Wal–Mart Stores appeals the district court's decision to award $1.7 million in attorney fees to Carolyn Thiebes, *et al.* We review for abuse of discretion the size of an attorney fees award [1] and review *de novo* the legal standard the district court applied.[2] The district court properly reviewed Thiebes's attorney fees request under Oregon law because all plaintiffs elected their remedy under Oregon law.[3] Oregon law governing attorney fees differs from federal law governing attorney fees, particularly in the ORS § 20.075(1) factors.[4]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1] *Watson v. County of Riverside,* 300 F.3d 1092, 1095 (9th Cir.2002).

[2] *Thomas v. City of Tacoma,* 410 F.3d 644, 647 (9th Cir.2005).

[3] *Mangold v. California Public Utilities Commission,* 67 F.3d 1470, 1478 (9th Cir.1995).

[4] *Griffin v. Tri–County Metro. Transportation District,* 112 Or.App. 575, 831 P.2d 42, 48 (1992). Federal law uses the lodestar method and Oregon law does not. *Dockins v. State Farm Insurance Co.,* 330 Or. 1, 997 P.2d 859 (2000). Additionally, while both ORS § 20.075(2) and federal law governing attorney fees "derive directly" from ABA Model Rule 2–106, *In re Gastineau,* 317 Or. 545, 857 P.2d 136 (1993), ORS § 20.075(1) has no counterpart in federal law.

Under Oregon law, a court "determining the amount of an award of attorney fees"[5] must consider, *inter alia,* "[t]he amount involved in the controversy and the results obtained."[6] The district court did consider these factors.

The district court properly reviewed the size of the attorney fees award by comparing it to the recovery.[7] While the district court recognized "the fee award appears disproportionate to the amount recovered," it concluded the fee award was appropriate because "Wal–Mart presented a formidable defense, had a team of attorneys greater in number than plaintiffs had, and filed dozens of substantive motions plaintiffs were required to defend." Under Oregon law, "the amount of money in issue and the amount of recovery are germane to the reasonableness of an attorney fee," but "they are not limitations."[8] In particular, "a vigorous or obstreperous defense" may justify disproportionate attorney fees.[9]

"Litigation has something of the tennis game, something of war, to it; if one side hits the ball, or shoots heavy artillery, the other side necessarily spends time hitting the ball or shooting heavy artillery back."[10] The district court pointedly and purposely noted that Wal–Mart "did not elect" to disclose its defense expenses. When a defendant employs a scorched earth strategy, unreasonably increasing a plaintiff's litigation expenses, the defen-dant can expect to pay for the attorney fees it forces the plaintiff to incur.

**AFFIRMED.**

---

**5.** ORS § 20.075(2).

**6.** ORS § 20.075(2)(d).

**7.** *Wilkes v. Zurlinden,* 328 Or. 626, 984 P.2d 261, 264 (1999).

**8.** *Willamette Production Credit Association v. Borg–Warner Acceptance Corporation,* 75 Or. App. 154, 706 P.2d 577, 579 (1985).

**9.** *Id.*

**10.** *Democratic Party of Washington State v. Reed,* 388 F.3d 1281, 1287 (9th Cir.2004).