**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEGGY FORAKER, | No.   20-35596 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00087-SI |
| v. | |
| USAA CASUALTY INSURANCE COMPANY, a Texas corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 8, 2021
Portland, Oregon

Before:  WARDLAW, HURWITZ, Circuit Judges, and BOLTON,[**] District Judge.

On January 4, 2012, an uninsured motorist ("UM") fleeing police struck

Peggy Foraker's vehicle, causing her severe injury. USAA Casualty Insurance

Company ("USAA") insured Foraker's vehicle under a policy containing UM

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

coverage of $1 million. Foraker demanded the full policy limits of the UM coverage. However, USAA only offered $250,000. Foraker then sued USAA under Oregon law for breach of contract, breach of the implied covenant of good faith and fair dealing, and financial elder abuse. After eight years and two separate trials necessitated by the district court's bifurcation of the case, Foraker received the full $1 million, attorneys' fees for Phase I including a 1.5 multiplier, damages for USAA's breach of the implied covenant of good faith and fair dealing, and attorneys' fees for Phase II.

On appeal, Foraker challenges the district court's damages award in Phase II for USAA's breach of the implied covenant, the district court's Phase II attorneys' fees award, and the district court's denial of her motion for summary judgment in Phase II. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, vacate in part, and remand for further proceedings.

1.      The district court clearly erred in denying Foraker her Phase II litigation costs as consequential damages for USAA's breach of the implied covenant. *See Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002).  Under Oregon law, consequential damages are available for breach of the implied covenant so long as the claimed damages were "reasonably foreseeable" at the time of contracting. *See Welch v. U.S. Bancorp Realty and Mortg. Tr.*, 596 P.2d 947, 963 (Or. 1979); *see also Cont'l Plants Corp. v. Measured Mktg. Serv., Inc.*,

2

547 P.2d 1368, 1371 (Or. 1976). A loss is reasonably foreseeable if "it is one that ordinarily follows the breach of such a contract in the usual course of events, or that reasonable men in the position of the parties would have foreseen as a probable result of breach." *Cont'l Plants Corp.*, 547 P.2d at 1371 (citation omitted). The district court awarded Phase I litigation costs as consequential damages because at the time of contracting for the insurance policy, it was reasonably foreseeable to USAA that if it breached the implied covenant Foraker would need to incur costs to prove that breach. *See id.* However, the district court denied the Phase II costs without explaining why those costs were any less foreseeable. Because the Phase II litigation costs were also foreseeable, we reverse the district court's denial of the Phase II litigation costs as consequential damages with instructions to award Foraker the uncontested amount of $109,468.86.

2.      The district court did not clearly err in denying Foraker lost investment profits from the sale of retirement assets as damages for USAA's breach of the implied covenant. *See Schnabel*, 302 F.3d at 1029. The district court determined that these damages were not reasonably foreseeable at the time of contracting, and upon our review we are not "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

3.      The district court did not clearly err in calculating Foraker's damages

3

for the loss of use of the $1 million to be $195,750.00. *Schnabel*, 302 F.3d at 1029. The district court based its calculation on the concept of prejudgment interest, and Foraker objects only to the decision to end the calculation on February 19, 2016— the day USAA paid Foraker the $1 million policy limit. Foraker contends that the district court should have continued the calculation until April 22, 2020—the date of entry of the Phase II judgment—because part of the $1 million did not go directly to Foraker, but rather to her attorneys as partial payment of their fees. However, Foraker provides insufficient support for her assertion that the presence of a lien for attorneys' fees affects the value for the loss of use of the $1 million.

4.      The district court did not err in denying Foraker prejudgment interest on the Phase II damages award of $322,882.78, which consisted of $195,750.00 in interest from the loss of use of the $1 million and $127,132.78 in Phase I litigation costs. Foraker argues that the district court should have assessed prejudgment interest on these amounts from February 19, 2016, to the date of entry of the Phase II judgment, April 22, 2020. But, Foraker received the $1 million on February 19, 2016 and is not entitled to further interest on an interest-based damages award following receipt of the underlying amount. As to the Phase I litigation costs, Oregon law allows prejudgment interest to be awarded "on damages only when the exact amount is ascertained or easily ascertainable by simple computation or by reference to generally recognized standards . . . and where the time from which

interest should run is also easily ascertainable." *Strader v. Grange Mut. Ins.*, 39 P.3d 903, 908 (Or. Ct. App. 2002) (citation omitted). The district court did not err in concluding that the Phase I litigation costs were not "easily ascertainable." *See id.*

5. We review an award of attorneys' fees, including the method of calculation, for abuse of discretion. *Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016); *Barnard v. Theobald*, 721 F.3d 1069, 1075 (9th Cir. 2013). However, we are unable to determine whether the district court abused its discretion in reducing Foraker's requested Phase II attorneys' fees by 75% because it failed to provide a "concise but clear explanation" for how it arrived at the 75% figure. *See Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020) (cleaned up); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). The court simply stated: "Based on [Foraker's] pretrial filings and the time spent at trial, it appears to the [c]ourt that approximately 75 percent of [Foraker's] efforts were directed toward [Foraker's] unsuccessful claims and arguments. This is also consistent with the results obtained." Where such a significant reduction was made to the requested amount, and USAA only requested a 13% reduction,[1] more of an

---

[1] USAA's opposition to Foraker's motion for attorneys' fees only asked the district court to reduce the award by $84,298.80. We have encouraged parties opposing fee awards to make such objections because "the burden of producing a sufficiently cogent explanation [for reducing a fee award] can mostly be placed on the shoulders of the losing parties." *Moreno v. City of Sacramento*, 534 F.3d 1106,

explanation is needed for us to conduct meaningful review. *See Vargas*, 949 F.3d at 1195 ("[T]he larger the difference between the fee requested and the fee awarded, the 'more specific articulation of the court's reasoning is expected.'" (quoting *Moreno*, 534 F.3d at 1111)). We therefore vacate the district court's Phase II fee award and remand for further proceedings.

6.     The district court abused its discretion in refusing to award a 1.5 multiplier on the Phase II attorney fee award. *See Stetson*, 821 F.3d at 1163. Because the district court found that a 1.5 multiplier was appropriate as to the Phase I fee award under Oregon law, *see* OR. REV. STAT. § 20.075(1)–(2), it was "illogical" to conclude that many of those same factors, including the conduct leading up to litigation and whether the case was taken on a contingency-fee basis, were suddenly "neutral" in Phase II or "adequately addressed" in Phase I. *See Stetson*, 821 F.3d at 1163. We reverse the district court's denial of a state-law multiplier on the Phase II attorney fee award, and instruct the court to use a 1.5 multiplier on whatever amount it ultimately concludes represents a reasonable lodestar under Oregon law.

---

1116 (9th Cir. 2008); *see also Dockins v. State Farm Ins.*, 997 P.2d 859, 862 (Or. 2000) (noting that analysis of a fee request is "largely . . . framed by the opponent's objections"). But the district court reduced the requested amount by over $530,000. Although district courts are not required to explain the difference between the reduction requested and the amount awarded, the enormous difference between the two figures in this case further highlights the insufficiency of the explanation provided by the district court.

7.     Generally, we will not review the denial of a summary judgment motion after a full trial on the merits because such a denial is "simply a step along the route to final judgment." *Williams v. Gaye*, 895 F.3d 1106, 1122 (9th Cir. 2018) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011)); *see also Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987). Accordingly, we do not reach Foraker's challenge to the district court's denial of her summary judgment motion.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.[2]**

---

[2] Each party shall bear their own costs on appeal. *See* Fed. R. App. P. 39(a)(4).