222 March 19, 2025 No. 255

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

FATTAH ABUALYA,
*Plaintiff-Appellant,*

*v.*

ALL STOP PIPES AND TOBACCO LLC,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV47761; A180597

Chanpone P. Sinlapasai, Judge.

Submitted December 19, 2024.

Erin C. Mee and Kevin T. Lafky filed the brief for appellant.

Jeffrey A. Long filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff brought this action against defendant All Stop Pipes and Tobacco, LLC, asserting claims of unpaid wages upon termination, ORS 652.140, discrimination based on disability, ORS 659A.112, and unlawful termination, ORS 659A.199. On the first day of trial, plaintiff, appearing *pro se*, informed the court that he intended to pursue only the unpaid wages claim and wanted to drop the other claims. Trial was held on the unpaid wages claim, and the court sitting as factfinder found in defendant's favor. All claims were then dismissed with prejudice. Defendant filed an attorney fee statement, summarily asserting a right to fees and costs under "ORS 659A.885(8)(e), ORS 652.200, and ORS 20.107."[1] Plaintiff made no objection to the fee statement. As part of its general judgment, the court awarded $37,343.08 in attorney fees and costs to defendant, which was the full amount requested. The court did not identify the statutory bases for the fee award, nor did it make any findings.

On appeal, plaintiff raises three assignments of error, all relating to the fee award. In his first assignment of error, plaintiff argues that the court erred in awarding fees on the wage claim. He assumes that the court did not award fees under the statute cited in the fee statement, ORS 652.200, because it applies only to prevailing plaintiffs, and instead awarded fees under ORS 20.105—a statute never mentioned in the trial court but that provides for a fee award in a civil action if there "was no objectively reasonable basis for asserting the claim"—and argues why it was error to do so. In response, defendant argues that it could have been awarded fees under ORS 653.055(4), another statute never mentioned below. In his second and third assignments of error, plaintiff argues that the court's findings are inadequate for meaningful appellate review.

It is true that the trial court's findings are inadequate for meaningful appellate review. *See Northwest Pump & Equipment Co. v. Stach*, 167 Or App 64, 69, 1 P3d 466 (2000) ("While Oregon courts have broad discretion in setting

---

[1] ORS 20.107 and ORS 659A.885(8)(e) pertain to discrimination claims. ORS 652.200 pertains to claims for unpaid wages upon termination.

attorney fees, the Supreme Court nonetheless requires them to enter findings that are sufficient to permit meaningful appellate review of their awards."). It is also true that the fee award on the wage claim is potentially problematic, insofar as the only statute cited as a basis for awarding fees on that claim was a statute that, on its face, did not apply. *See* ORS 652.200(1) (requiring fee award if the court "enter[s] judgment for the plaintiff").

Ultimately, however, plaintiff's failure to object to the fee statement in the trial court proceeding is dispositive. ORCP 68 C(4)(f) provides, with respect to attorney fee statements, that "[i]f objections are not timely filed, the court may award attorney fees or costs and disbursements sought in the statement." We have previously recognized the discretionary nature of "may" and that the trial court may choose to independently assess the fee statement even absent objections. *Moreau v. Samalin*, 295 Or App 534, 538, 435 P3d 794 (2019) ("Even when a fee petition is unopposed, the trial court may make its own assessment of the reasonableness of the fees. *See* ORCP 68 C(4)(f); Council on Court Procedures, Staff Comment to ORCP 68, 32 (Dec 15, 1990) (the trial court has 'discretion to pass on the reasonableness of the amounts claimed,' even when there is no objection)."). Plaintiff has not developed any argument as to how, given ORCP 68 C(4)(f), it was an abuse of discretion to award fees and costs as requested when no objection was filed, or why the court was required to make any findings under the circumstances. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 187 & n 2, 957 P2d 1200 (1998) (explaining that "the objections of a party who resists a petition for attorney fees play an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees" and that "[n]o party will be heard to complain of the absence of a finding by the court on an issue that the party did not raise").

We therefore reject all three assignments of error, based on the lack of any objection in the trial court, which allowed the court the option of simply awarding the full amount requested without conducting an independent analysis.

Affirmed.